IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| WALTER GARRISON II, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FIDELIS RECOVERY MANAGEMENT, LLC,<br><br>        Defendant. | Civil No. 16-9222 (RMB/AMD)<br><br>**ORDER** |

This matter comes before the Court upon Plaintiffs' Motion for Default Judgment [Dkt. No. 6].

According to the Affidavit of Service, "James Martinez, Director of Operation" accepted service of the Summons and Complaint in this action on behalf of Defendant Fidelis Recovery Management, LLC, on December 26, 2016. [Dkt. No. 3]

On January 10, 2017, Mr. Martinez, on behalf of Defendant Fidelis, completed and signed an Answer to the Complaint using a Court form entitled "Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint," and sent it via overnight delivery to the Clerk of Court for docketing. [Dkt. No. 4]

On January 18, 2017, the Clerk of Court issued the following quality control docket notation: "Please be advised that although an individual is entitled to proceed pro se, a

1

corporation must be represented by counsel." Nothing on the docket indicates whether Mr. Martinez received this message.

On February 8, 2017, Plaintiffs filed a Request for Default, see Fed. R. Civ. P. 55(a), which was served upon Defendant by Certified and First Class Mail. [Dkt. 5-1]

The Clerk entered default on February 10, 2017.

Plaintiffs filed the instant Motion for Default Judgment on March 28, 2017, which was also served on the Defendant by Certified and First Class Mail.

To date, no attorney has entered an appearance on behalf of Defendant, nor has Mr. Martinez filed any other response to the filings in this case other than his original Answer.

The Clerk's Entry of Default will be set aside, and the Motion for Default Judgment will be dismissed without prejudice.

First, the Entry of Default appears to have been entered in error, as an Answer was timely filed. While the Clerk entered a quality control message indicating that a corporation must be represented by its own attorney, the Answer was not stricken. Nor did the quality control message explain the consequences of failing to retain a lawyer to represent the Defendant corporation. Thus, the Court holds that "good cause" exists to set aside the default. Fed. R. Civ. P. 55(c); see generally, Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.

1982)("this court has often emphasized that it does not favor defaults, and that in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits.").

Second, as to Plaintiffs' Motion for Default Judgment, the moving brief does not cite or apply the Third Circuit's three-part test for default judgment found in <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000)("Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.").[1]

Moreover, default judgment may not be entered until a valid default has been entered by the Clerk. Fed. R. Civ. P. 55(a), (b).

THEREFORE, IT IS on this 26th day of **September 2017**, hereby:

**ORDERED** that the Clerk's Entry of Default is **VACATED**; and it is further

**ORDERED** that Plaintiffs' Motion for Default Judgment [Dkt. No. 6] is **DISMISSED WITHOUT PREJUDICE**; and it is further

---

[1] <u>See also</u> Hill v. Williamsport Police Dep't, 69 F. App'x 49, 50 (3d Cir. 2003)("because Hill has not shown that the District Court abused its discretion in following *Chamberlain*'s three-part test, we affirm.").

**ORDERED** that Plaintiffs are directed to: (1) personally serve James Martinez with a copy of this Order within 20 days of the date of this Order, and (2) timely file on the docket an Affidavit of Service evidencing personal service upon Mr. Martinez; and it is further

**ORDERED** that Defendant Fidelis shall be granted 30 days from the date of service (unless extended by the Court upon a timely request) to retain an attorney who shall enter an appearance on behalf of Defendant Fidelis in this suit. In the event that no attorney enters an appearance within the proscribed time, Plaintiffs may seek the appropriate default remedies pursuant to Fed. R. Civ. P. 55, which may result in the entry of a money judgment against Defendant Fidelis.

 

                                            s/ Renée Marie Bumb
                                         _____
                                         RENÉE MARIE BUMB
                                         UNITED STATES DISTRICT JUDGE